## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re:  Kelly Christine Balachandran | § | Case No. 23-34518 |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |
| Kelly Christine Balachandran, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 25-03006 |
| | § | |
| United States Department of Education. | § | |
| Defendant | § | |

## JOINT STIPULATION AND MOTION FOR ORDER
## DETERMINING DISCHARGEABILITY

Plaintiff Kelly Christine Balachandran and Defendant United States Department of Education ("DOE") respectfully stipulate to the following facts and conclusions and jointly move the Court for a determination that Plaintiff's DOE student loan debts that are the subject of this adversary proceeding are dischargeable under 11 U.S.C. § 523(a)(8).

### FACTUAL BACKGROUND

1. Plaintiff filed her voluntary chapter 7 bankruptcy petition on November 16,. [Bankr. Case No. 23-34518, ECF No. 1].

2. On January 21, 2025, Plaintiff filed this adversary proceeding to determine the dischargeability of her student loan debts to DOE. [ECF No. 1].

3. Plaintiff borrowed $134,768 in student loans for post-high school education.

4. As of March 13, 2025, the balance of the student loan debts was: $38,114.00.

5. Plaintiff seeks a determination that all of these student loans are dischargeable.

## LEGAL ANALYSIS

Student loans debts are generally not to be discharged under the Bankruptcy Code. 11 U.S.C. § 523(a)(8). However, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." *Id.* While the Bankruptcy Code does not define "undue hardship," the Fifth Circuit, along with the significant majority of circuits, has adopted the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). *See, e.g.*, *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003); *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*In re Gerhardt*, 348 F.3d at 91 (citing *Brunner*, 831 F.2d at 396). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

## STIPULATION

DOE and Plaintiff agree that Plaintiff has satisfied the *Brunner* test and shown that excepting Plaintiff's student loan debts from discharge will impose an undue hardship on Plaintiff. Specifically, the Parties stipulate that (1) Plaintiff cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced

to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that Plaintiff has made good faith efforts to repay the loans.

DOE and Plaintiff thus jointly move the Court for an order determining that Plaintiff's DOE student loan debts are dischargeable under 11 U.S.C. § 523(a)(8).

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court enter an order determining that Plaintiff's student loan debts listed above are dischargeable under 11 U.S.C. § 523(a)(8) and granting such other and further relief as the Court deems just and proper.

Dated: November 21, 2025                                         Respectfully submitted,

/s/ Alan Borden, Esq.                                            NICHOLAS J. GANJEI
                                                                 United States Attorney
Alan Borden, Esq.
Resolve Legal Group                                              By: /s/ Myra Siddiqui
825140 Kingsman Blvd. Ste. 100,                                  Myra Siddiqui
Katy, TX 77494                                                   Assistant United States Attorney
(713) 234-0171                                                   Texas Bar No. 24106434
alan@resolvelawgroup.com                                         S.D. Tex. ID No. 3257790
                                                                 1000 Louisiana St., Suite 2300
**ATTORNEYS FOR PLAINTIFF**                                      Houston, Texas 77002
                                                                 Telephone: (713) 567-9600
                                                                 Facsimile: (713) 718-3300
                                                                 Email: myra.siddiqui@usdoj.gov

                                                                 **ATTORNEYS FOR THE UNITED STATES**